IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. RILEY, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant.<br>_____/ | No. C 10-01300 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; ORDER REMANDING CASE TO STATE COURT** |

    The parties' cross-motions for summary judgment came on regularly for hearing on October 1, 2010. Having considered the arguments of counsel and the papers submitted, and for good cause shown, the Court hereby enters the orders set forth below.

**BACKGROUND**

    Plaintiff challenges the practice of defendant City and County of San Francisco ("CCSF") of towing vehicles that are parked in one place for more than 72 hours.[1] Plaintiff brings this case as a class action on behalf of all similarly situated vehicle owners, and alleges causes of action for violation of due process under 42 U.S.C. section 1983 and trespass to chattels. Currently before the court are the parties' cross-motions for partial summary judgment on the claim for denial of due process under Section 1983.

    Plaintiff's due process claim is based on the following undisputed facts. Plaintiff is the licensed and registered owner of 1998 Toyota Forerunner. Declaration of John J. Riley ¶ 2. Plaintiff had a

---

[1] This case was originally filed in San Francisco Superior Court. CCSF removed the First Amended Complaint ("FAC") to this Court on March 26, 2010. Docket No. 1.

residential parking permit on his vehicle that allows him to park the vehicle within a specified area. *Id.* In late November 2008, plaintiff parked his vehicle on Chestnut Street between Polk Street and Van Ness Avenue, a block that is covered by his residential parking permit. *Id.* ¶ 3. Plaintiff claims that the block on which he parked had no signage or other notice that vehicles bearing residential parking permits would be towed if parked for more than 72 hours. *Id.* ¶ 4. Plaintiff claims, and defendant does not dispute, that between November and December 2008 there were no signs providing notice of the 72-hour parking limitation anywhere in the City of San Francisco. *Id.*[2]

In November 2008, plaintiff left on a trip out of the county. *Id.* ¶ 5. Plaintiff believes that Department of Parking and Traffic ("DPT") placed a notice on the vehicle stating that the vehicle had been parked in violation of the law, specifically that it had been parked for a period exceeding 72 hours. *Id.* The warning cited section 37A of the San Francisco Traffic Code as providing that no vehicle shall be parked upon any street for a period exceeding 72 hours,[3] and indicated that the owner of the vehicle may be subject to a $75.00 fine and the vehicle towed if not moved. *Id.* ¶ 5 & Ex. B.[4] Plaintiff returned to San Francisco on December 10, 2008, and discovered that his vehicle had been towed on or about December 1, 2008. *Id.* at 6. Plaintiff was compelled to pay $915.75 to the towing company to retrieve his car, and the City issued an $85 parking fine to plaintiff. *Id.* ¶¶ 6-7. Plaintiff challenged

---

[2] Plaintiff and defense counsel have agreed to a number of undisputed facts. *See* Declaration of Deborah C. England ¶ 4. The parties stipulate that on December 1, 2008, the block of Chestnut between Polk and Van Ness "bore no street or other signage warning of the 72-hour parking limit." *Id.* ¶ 4.h. CCSF does not submit evidence to counter plaintiff's position that there were no such signs posted anywhere in San Francisco between November and December 2008.

[3] Plaintiff explains that Section 37A of the Traffic Code was repealed by the Board of Supervisors in March 2008, and that Section 11.1 of the Transportation Code was enacted at the same time. Section 11.1 lists "Circumstances Permitting Removal" including when a vehicle has been "(9) Parked on a street for 72 or more consecutive hours, except that no vehicle may be removed pursuant to this Section unless there has been a conspicuous notice posted on the vehicle in accordance with all requirements of Division II. (37(a), 159, 159.10)." Section 11.1 was repealed on December 2008 and replaced by a substantially similar provision, Section 8.1. *See* England Decl., ¶ 6 & Ex C. The Court hereby takes judicial notice ("RJN") of the current and former state laws and municipal codes attached to the England Declaration [Docket No. 14] and CCSF's Request for Judicial Notice [Docket No. 18].

[4] Pursuant to Transportation Code section 1008, the City must provide pre-deprivation notice prior to towing under Section 8.1(a)(9) (former 11.1(a)(9) and former 37A): "No vehicle parked or left standing upon any highway or street in violation of [the 72-hour prohibition], shall be removed unless there has been posted in a conspicuous place upon such vehicle a notice which shall contain the following: (a) the alleged violation; (b) a description of the vehicle . . . ; (c) the location of the vehicle; and (d) the identity of the person giving the notice." RJN, Ex. C.

2

the $85 fine and requested CCSF refund all of the fees he incurred to regain possession of his car. *Id.* ¶ 8.

On December 30, 2008, a Hearing Officer from the Municipal Transportation Agency ("MTA") dismissed the $85 fine because the warning notice incorrectly listed the fine as $75, but refused to refund the other costs plaintiff incurred. *Id.* ¶ 9. In MTA's letter, Hearing Officer J. Newlin stated that California Vehicle Code 22651(k) provides CCSF authorization to tow vehicles parked for more than 72 hours in violation of local law. *Id.*, and Ex. E thereto. Mr. Newlin also cited Section 11.1(a)(9) of the Transportation Code as the local law allowing towing after 72 hours. *Id.*

Plaintiff argues that CCSF's failure comply with its own laws, specifically that it post street signage of the 72-hour limitation, violated plaintiff's pre-deprivation notice rights. Plaintiff also argues that because the "Warning" notice placed on plaintiff's car had numerous deficiencies, it was not constitutionally adequate notice. CCSF argues that the only question at issue is whether CCSF provided sufficient notice to plaintiff prior to towing his car and it is undisputed that they did.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty*

1 *Lobby, Inc.*, 477 U.S. 242, 252 (1986).

2 In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id*. However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

Due process "require[s] that notice generally be given before the government may seize property." *Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008). "To determine what procedures are required, we balance the competing government and private interests." *Scofield v. Hillsborough*, 862 F.2d 759, 762 (9th Cir. 1988).

Plaintiff first argues that CCSF's own laws require posting of street signs regarding the 72-hour limit, and that its failure to do so violates due process. Specifically, plaintiff relies on municipal Transportation Code Section 1001, which provides: "The City Traffic Engineer shall erect and maintain signs noticing any Parking restrictions not more than 200 feet apart." Declaration of Deborah C. England, Ex. D.[5] This requirement, according to plaintiff, means that the 72-hour limit must be posted on street signs and that any lesser notice violated plaintiff's rights to due process. CCSF responds that a due process claim cannot be based on CCSF's alleged violation of its own posting laws as long as CCSF provided constitutionally sufficient notice, which it did (it claims) with the warning placed on plaintiff's car prior to towing. Moreover, even if a due process claim could be based on Section 1001, CCSF argues that Section 1001 is limited to special parking restrictions (*e.g.*, no parking during certain rush hours, no parking more than two hours in residential permit parking zones) as opposed to default rules that apply citywide. CCSF argues that any other construction would be unworkable because the

---

[5] Section 1001 goes onto say, "The signs shall indicate by legible letters, words and figures the hours prescribed for said Parking restrictions within 100 feet on either side of the sign. . . ." *Id.*

4

City would be required to post on each street sign every possible parking restriction that could lead to a ticket or towing.

In support of its position that an alleged failure to follow its own rules cannot create a due process violation as long as CCSF provided constitutionally sufficient pre-deprivation notice, CCSF relies on *Lone Star Sec. & Video, Inc. v. City of L.A.*, 584 F.3d 1232 (9th Cir. 2009). In *LoneStar*, the plaintiff alleged that the City of Los Angeles' 72-hour towing ordinance was defective because it was preempted by a more protective state law. *Id.* at 1235. Plaintiff argued that if an ordinance is invalid under state law, it necessarily fails to provide a level of notice sufficient to satisfy due process. *Id.* at 1236. The Ninth Circuit rejected that argument, finding that the "notice and hearing requirements of procedural due process, are not so rigid." *Id.* at 1236. Instead of asking whether the local law was valid or invalid, the appropriate question was whether Los Angeles, in implementing its ordinance, provided the level of notice constitutionally required before towing cars. *Id.* at 1237. For the same reason, San Francisco argues that the question here is not whether San Francisco complied with all of its regulations, but whether constitutionally adequate notice was provided.

The Ninth Circuit recently reached the same result in a slightly different context. The Court rejected an argument that California's failure to comply with certain California Welfare and Institution Code provisions, requiring parental notification when a child is taken into protective custody and alternate custody arrangements are made, could alone form the basis of a procedural due process claim. *James v. Rowlands*, 606 F.3d 646, 657 (9th Cir. 2010). In *James*, the Court noted that "when a state establishes procedures to protect a liberty interest that arises from the Constitution itself . . . the state does not thereby create a new constitutional right to those procedures themselves, and non-compliance with those procedures does not necessarily violate the Due Process Clause." *Id.* at 657. Instead, only when the new procedures create "substantive predicates governing official decisionmaking" and contain "explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met," will a due process right to have those procedures followed be created. *Id.* at 656 (relying on *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995)). Reviewing the statutes at issue, the *James* court held that no procedural due process claim could be stated, since the "California statutes that James contends required the officials to notify him do not, even under James's construction,

5

establish any substantive predicates or mandate any outcomes. At most, they simply require notice." *Id*. at 657. The same is true here. If Section 1001 is given the construction plaintiff urges, it does not create a new due process right, but instead simply requires an additional form of notice about the existence of the 72-hour parking limitation.

In any event, the Court agrees with the defendant on the reasonable construction of Section 1001. Properly read, and in the context of the various Transportation Code sections cited, Section 1001 is reasonably construed to require CCSF to list specific parking restrictions that deviate from the default rules that apply citywide. *See* CCSF Mot. at 7-8; CCSF Reply at 3-4. Plaintiff's proposed construction – that Section 1001 requires posting on street signs only of non-readily apparent parking restrictions (*compare* the 72-hour rule *with* the general prohibition of parking in a white, yellow green or red zone), is not reasonable given the lack of any indication that an implied "obviousness" exception limits which parking restrictions should be posted pursuant to Section 1001.

As such, the appropriate question here is whether the notice provided – the "Warning" letter the City affixed to plaintiff's vehicle prior to its being towed – was sufficient to satisfy due process or whether CCSF is required to provide more. Ninth Circuit case law support's CCSF's position that the warning notice placed on plaintiff's car satisfied its due process duties. In *Clement*, the Court addressed the question of whether pre-deprivation notice was required prior to towing an unregistered car found in a publicly accessible parking lot. *Clement*, 518 F.3d 1090. The Court engaged in a balancing test, recognizing that a "strong justification" must be found to warrant departing from the norm of pre-deprivation notice. *Id.* at 1094. There, considering the significant cost and burdens that result from the towing of a car versus the government's interest in deterring illegal parking, the Court found that pre-deprivation notice should have been provided. *Id*., at 1095; *see also* 1095-96 ("the government must attempt to notify the owner of a vehicle parked in violation of [a state law] before the government may tow and impound it."). Significantly, the Court noted that one form of notice that might have been sufficient would have been to place a ticket on the car's windshield prior to its being towed. *Id.* This is essentially what occurred here, except that plaintiff was not ticketed or fined immediately, but instead – and more generously – was warned of the imposition of a fine and the risk of towing if he did not move his car to comply with the 72-hour requirement.

6

In *LoneStar*, the Court did not address the constitutionality of Los Angeles' practice of providing first-time offenders with notice of the 72-hour rule by placing a notice on each vehicle prior to towing it – similar to San Francisco's practice – because the plaintiff conceded such notice satisfied due process. *Id.* at 1238. However, the Court did find that Los Angeles was not required to provide advance, individual notice each time the City intended to tow one of plaintiff's commercial advertising trucks because vehicles owned by LoneStar had been repeatedly ticketed and towed under the ordinance. *Id*. at 1238-39. Finally, while the Court in *Soffer v. Costa Mesa*, 607 F. Supp. 975, 983 (C.D. Cal. 1985), did not reach the "exact confines of what type of notice due process requires before abandoned vehicles are towed," Court suggested that, "[d]ue process would likely require notification that is reasonably calculated to let the owner of the vehicle know that the municipality believes the vehicle is in violation of a local ordinance." *Id.* at 983.

There is no dispute here that the warning notice issued by CCSF is reasonably calculated to let the recipient know that the City believes the vehicle to be parked in violation of the 72-hour limit and that it must be moved to avoid a fine and towing. Instead, plaintiff argues the notice was deficient in other respects. First, plaintiff argues that the warning's misstatement of the fine, as $75 instead of $85, as well as its statement that vehicles must be moved at least one block to avoid towing – when there is no requirement in law that the vehicles be moved at least one block – mean that the warning is not sufficient pre-deprivation notice as a matter of law. However, plaintiff does not dispute that the warning informed him (and others who received the notice) of the existence of the 72-hour parking limit and that the car would be towed and a fine assessed if his car was not moved. With respect to the one block minimum for moving the vehicle, plaintiff does not explain why CCSF cannot require vehicles owners to move at least one block to effectuate the purposes of California Vehicle Code 22651(k) and Section 8.1 (former 11.1). The fact that the one block requirement is not mandated by ordinance does not mean its application is impermissible or otherwise a violation of due process where adequate notice is provided, as it was here. Plaintiff also does not argue that had he known that the fine would be $85, and not $75, that the notice would have had any different effect on him or others similarly situated.

The errors plaintiff complains of do not change the substance and effect of the notice in a way that would deprive recipients of adequate due process notice. *See, e.g., LoneStar*, 584 F.3d at 1237

**United States District Court**
For the Northern District of California

(required notice is that which provides individuals "'a reasonable opportunity both to familiarize themselves with the general requirements and to comply with those requirements'") (quoting *United States v. Locke*, 471 U.S. 84 (1985)). The errors are not significant enough to change the effect of the notice on a reasonable vehicle owner – that he or she had better move her vehicle at least one block or face a significant fine and risk of towing.

Second, plaintiff argues that the warning was deficient because the ordinance authorizing its placement does not specify how far in advance of towing the warning must be placed. Plaintiff's Oppo. at 5. Plaintiff argues that a warning that is slipped onto a vehicle's windshield moments prior to towing would subvert the intent of pre-seizure notice. *Id*. However, there is no evidence presented that CCSF has either a policy or practice of providing last-minute warnings before towing vehicles under the 72-hour rule. Moreover, the FAC indicates the warning notice was posted on plaintiff's car on November 26, 2008, five days before plaintiff's car was towed. *See* FAC ¶ 6; Plaintiff's Motion at 3-4. Plaintiff does not argue that the time between placement of the warning and the towing of his car was insufficient. As there is no evidence that Section 8.1 (or former 11.1) results in insufficient notice in advance of towing, either facially or as applied to plaintiff, this argument fails.

In sum, while the Court is cognizant of the significant interests inherent in possession and operation of a car, the Court does not find that there is any significant risk of erroneous deprivation of those rights given the notice procedures CCSF uses. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) ("due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."). Plaintiff's arguments that there are *additional* forms of notice that CCSF could provide misses the point that the notice CCSF actually provides is reasonably calculated to let the owner know both of the 72-hour limit and the City's

8

belief that his or her vehicle is parked in violation of it.[6]

Finally, plaintiff also appears to argue that a due process violation occurred – notwithstanding the individual warning notice placed on his vehicle – because his residential parking permit advised plaintiff that he was not allowed to park in an illegal space or at a parking meter, but that he was allowed to park in "any legal parking space" for more than two hours. Plaintiff's Oppo. at 6-7. However, as noted above, plaintiff did receive a constitutionally adequate notice of the 72-hour limit and the risk of towing. Moreover, the fact that the residential parking permit told him that he could park at any legal, non-metered space for more than two hours does not mean that there weren't any other parking restrictions that could be imposed on him, such as street sweeping restrictions or temporary parking space closures for construction, road repair or public events.[7]

///

///

---

[6] Plaintiff's suggestions for additional notice, *i.e.*, the posting of the 72-hour limit on street signs throughout the City or including notice of the 72-hour limit in the residential parking permit notices, would undoubtedly be helpful to individuals parking cars in San Francisco, but the Court does not find that they are constitutionally required. *See, e.g.*, Supplemental Decl. of John J. Riley, Ex. A. (attaching newly revised residential parking permit notice which informs those residents who apply for and receive residential parking permits of the 72-hour limit).

[7] Plaintiff's final argument – raised on Reply – that San Francisco admits to "arbitrary enforcement" of the 72-hour limit is likewise without merit. The fact that CCSF "usually" issues citations in response to a public complaint does not create a procedural due process violation. The ordinance itself establishes standards to permit CCSF employees to enforce the law in a non-arbitrary and non-discriminatory manner – CCSF may enforce the law against any vehicle that is parked for more than 72-hours and may tow after reasonable notice is provided. *See* Transportation Code §§ 7.2.29; 8.1(a)(9); 1008. That CCSF employees act with discretion in deciding which cars to place warnings on and then tow, and may do so "generally" in response to resident complaints, does not make Section 8.1 unconstitutionally vague. *See, e.g., Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 972 (9th Cir. Cal. 2003) (upholding an ordinance that prohibits hotel operators from contributing to nuisance activities on or in "close proximity to" the property against a void for vagueness challenge).

9

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion and GRANTS defendant's cross-motion for partial summary judgment on the due process claim. As such, the only claim left in the case is the state law claim for trespass to chattels. The Court hereby DECLINES to exercise subject matter jurisdiction over the remaining state law claim and REMANDS this action to the Superior Court for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: December 7, 2010

SUSAN ILLSTON
United States District Judge